**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ephriam Valdillez,<br><br>    Petitioner,<br><br>vs.<br><br>Charles Ryan; et al.,<br><br>    Respondents. | No. CIV-09-452-TUC-DCB (GEE)<br><br>**REPORT AND RECOMMENDATION** |

On August 19, 2009, Ephriam Valdillez, an inmate[1] confined at the Arizona State Prison Complex in Buckeye, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. (Petition.) Valdillez claims (I) his counsel was ineffective, (II) his guilty plea was not knowing and voluntary, and (III) he has established a sufficient basis for habeas relief. *Id.* Before the court are the petition and the respondents' answer.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for report and recommendation. The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order denying the Petition for Writ of Habeas Corpus. Valdillez' claims are procedurally defaulted.

---

[1] Arizona Department of Corrections' records indicate Valdillez was released from confinement on May 6, 2010. The court presumes he is now serving his period of community supervision. *See* (Respondent's Answer, Exhibit I); Ariz.Rev.Stat. 13-603(I).

Summary of the Case

On August 31, 2007, Valdillez pleaded guilty to attempted sale of a narcotic drug. (Respondents' answer, p. 2.) He was initially sentenced to a 2-year term of probation, but after violating his probation three times, the trial court eventually sentenced him to a 2.5-year term of imprisonment. *Id.*

The trial court appointed post-conviction relief counsel, but counsel filed notice with the court that he could find no meritorious issues to raise. *Id.* The trial court then gave Valdillez a 45-day deadline within which to file a petition pro per. *Id.* When Valdillez failed to file a timely petition, the trial court dismissed the post-conviction relief proceedings on July 17, 2009. *Id.*

On August 19, 2009, Valdillez filed the instant Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. (Petition.) He claims (I) his counsel was ineffective, (II) his guilty plea was not knowing and voluntary, and (III) he has established a sufficient basis for habeas relief. *Id.* The respondents filed an answer on January 25, 2010. They concede the petition is timely, but they argue Valdillez' claims are procedurally defaulted. Valdillez did not file a reply.

The respondents are correct. Valdillez' claims are procedurally defaulted.


Discussion

The writ of habeas corpus affords relief to prisoners in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. If the petitioner is in custody pursuant to the judgment of a state court, the writ shall not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "contrary to" Supreme Court precedent if the "state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from Supreme Court precedent." *Vlasak v. Superior Court of California ex rel. County of Los Angeles,* 329 F.3d 683, 687 (9th Cir. 2003). A decision is an "unreasonable application" if "the state court identified the correct legal principles, but applied those principles to the facts of her case in a way that was not only incorrect or clearly erroneous, but objectively unreasonable." *Id.*

Federal review is limited to those issues that have already been fully presented to the state court. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A). This rule permits the states "the initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the state appellate court for review. *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been exhausted, the petition may not be granted and should ordinarily be dismissed. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the issue on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.* A claim that is procedurally defaulted must be denied unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v.*

*Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). To establish cause, the petitioner must show that some external impediment prevented him from constructing or raising the claim. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). The prejudice prong requires the petitioner to show the alleged errors "worked to his actual and substantial disadvantage, infecting [the entire proceeding] with error of constitutional dimension." *Murray v. Carrier*, 477 U.S. 478, 494 (1986).

None of Valdillez' claims were presented to the court of appeals. Accordingly, they were not properly exhausted. (Respondents' answer, p. 6.) Moreover, Valdillez cannot return to state court and exhaust them now because he is precluded from raising them in a subsequent Rule 32 petition. *Id.*; Ariz.R.Crim.P. 32.2, 32.4; *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002), *cert. Denied*, 538 U.S. 1053 (2003). His claims are procedurally defaulted.

Valdillez did not file a reply arguing his procedural default should be excused for either cause and prejudice or to avoid a miscarriage of justice. In his petition, he states generally that he failed to present his issues to the court of appeals because of either "probation's threats of revocation" or because the issues were denied by the trial court. (Petition, pp. 6, 7, 8.) Neither of these arguments is sufficient to establish cause for his default.

His reference to "probation's threats of revocation" seems to be an argument as to why his guilty plea was not voluntary. He does not explain, however, why he did not raise the voluntariness issue before the trial court and the court of appeals.

His reference to the trial court's ruling (dismissing his Rule 32 proceeding) explains in a procedural sense why he did not raise his issues before the appellate court – he failed to file a petition before the trial court so he had no issues to appeal. It does not, however, explain what external impediment prevented him from raising his issues in the first place.

Valdillez has not established cause for his default. He makes no argument addressing prejudice or miscarriage of justice. Accordingly, his claims must be denied as procedurally defaulted.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DENYING the Petition for Writ of Habeas Corpus. [doc. #1] Valdillez' claims are procedurally defaulted.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, the party's right to de novo review may be waived. *See U. S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 29th day of June, 2010.

*Glenda E. Edmonds*
Glenda E. Edmonds
United States Magistrate Judge